Amy J. Oliver (Utah #8785) admitted *pro hac vice*
OliverA@sec.gov
Daniel J. Wadley (Utah #10358) admitted *pro hac vice*
WadleyD@sec.gov
James J. Thibodeau (Utah #15473) admitted *pro hac vice*
ThibodeauJ@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
Salt Lake Regional Office
351 South West Temple
Suite 6.100
Salt Lake City, UT 84101-1950
Tel.: (801) 524-5796
Fax: (801) 524-3558

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>HEMP, INC. a Colorado Corporation; BRUCE J. PERLOWIN, an individual; BARRY K. EPLING, an individual; JED M. PERLOWIN, an individual; FERRIS HOLDING, INC., a private Nevada Corporation; HOBBES EQUITIES INC., a private Nevada Corporation; DIVERSIFIED INVESTMENTS LLC, a private Nevada Limited Liability Company; and QUANTUM ECONOMIC PROTOCOLS LLC, a private Nevada Limited Liability Company.<br><br>　　　　　　　　　　　　　Defendants. | C.A. No. 2:16-cv-1413 |

**COMPLAINT**

Plaintiff, Securities and Exchange Commission (the "Commission"), alleges as follows:

1

## SUMMARY OF THE ACTION

1.  This action concerns an elaborate and fraudulent scheme to evade the registration provisions of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)] in connection with securities issued by Defendant Hemp, Inc. ("Hemp").

2.  This long-running and profitable scheme resulted in the sale of hundreds of millions of unregistered and purportedly unrestricted Hemp shares to public investors. The execution of this scheme involved, among other things, purported gifts and consulting agreements that do not appear to have been *bona fide* and fraudulent statements made to Commission-registered broker-dealers.

## JURISDICTION AND VENUE

3.  The Commission brings this action pursuant to Sections 20(b) and 20(d) of the Securities Act [15 U.S.C. §§ 77t(b) and 77t(d)] and Sections 21(d) and 21(e) of the Exchange Act [15 U.S.C. §§ 78u(d) and 78u(e)].

4.  This Court has subject matter jurisdiction over this action pursuant to Section 22 of the Securities Act [15 U.S.C. § 77v], Sections 21(d) and 27 of the Exchange Act [15 U.S.C. §§ 78u(d) and 78aa], and 28 U.S.C. § 1331.

5.  Venue in this District is proper pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27(a) of the Exchange Act [15 U.S.C. § 78aa(a)]. Acts, practices, and courses of business constituting the violations alleged herein have occurred within the jurisdiction of the United States District Court for the District of Nevada and elsewhere. Moreover, certain defendants resided or transacted business in this district. Venue also is appropriate pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to the claims discussed herein occurred within this district [28 U.S.C. § 1391(b)(2)].

6. Defendants, directly or indirectly, made use of means or instruments of transportation or communication in interstate commerce, or of the mails, or of any facility of any national securities exchange in connection with the alleged acts, practices, and courses of business.

## DEFENDANTS

7. **Hemp, Inc.**, (f/k/a Marijuana, Inc.; f/k/a Preachers Coffee, Inc.) is a Colorado corporation formed on January 16, 2008, that maintains its principal place of business in Las Vegas, Nevada.

8. **Bruce Jay Perlowin**, age 65, is believed to be a resident of Las Vegas, Nevada. Bruce Perlowin, who serves as CEO of Hemp, is believed to be, in conjunction with the shareholdings of other entities he controlled during the relevant period, one of Hemp's largest shareholders.

9. **Barry Keith Epling**, age 64, is believed to be a resident of Las Vegas, Nevada. Epling, who is believed to be an undisclosed co-principal of Hemp, controls Defendants Ferris Holding, Inc., and Hobbes Equities Inc.

10. **Jed M. Perlowin**, age 55, is believed to be a resident of Parkland, Florida. Jed Perlowin, at least nominally, controls Defendants Diversified Investments LLC and Quantum Economic Protocols LLC.

11. **Ferris Holding, Inc.**, ("Ferris") is a Nevada corporation formed on December 14, 2005, that is believed to maintain its principal place of business in or near Las Vegas, Nevada.

12. **Hobbes Equities Inc.**, ("Hobbes") is a Nevada corporation formed on February 4, 2013, that is believed to maintain its principal place of business in or near Las Vegas, Nevada.

13.     **Diversified Investments LLC** ("Diversified") is a Nevada limited liability company formed on March 20, 2014, that is believed to maintain its principal place of business in Parkland, Florida.

14.     **Quantum Economic Protocols LLC** ("QEP") (f/k/a Quantum Economic Protocols Inc.) is a Nevada limited liability company formed as a corporation on November 10, 2011, and converted to a limited liability company on October 7, 2013, that is believed to maintain its principal place of business in Parkland, Florida.

## STATEMENT OF FACTS

### Background

15.     As CEO of Hemp, a company with unregistered securities, Bruce Perlowin is and was by definition an "affiliate" of Hemp.

16.     In order to circumvent the limitation restricting the sale of unregistered Hemp shares and obtain access to additional funds which could be raised through the sale of additional Hemp shares while concurrently avoiding the registration of Hemp's shares, Bruce Perlowin and Barry Epling connived to have Bruce Perlowin convey to Barry Epling's and Jed Perlowin's respective companies (Defendants Ferris, Hobbes, Diversified, and QEP) hundreds of millions of Hemp shares so that the recipients could then, under the guise of being non-affiliates, sell those purportedly unrestricted shares into the market.

### FRAUDULENT SCHEME

17.     Each of the named Defendants was engaged as a component part of a coordinated and fraudulent scheme to sell to public investors millions of unregistered and purportedly unrestricted Hemp securities that were, in fact, restricted.

**A.     Epling, Ferris, and Hobbes**

18.     Bruce Perlowin and Barry Epling connived to have Bruce Perlowin convey to Barry Epling's and Jed Perlowin's companies hundreds of millions of Hemp shares to be sold into the public market place.

19.     Barry Epling, through his companies Ferris and Hobbes, received large numbers of Hemp shares via multiple transactions with Bruce Perlowin, Hemp, and other entities affiliated with the foregoing.

20.     On August 2, 2011, Ferris entered into a consulting agreement with Hemp pursuant to which it subsequently received 6,250,000 Hemp common shares.

21.     On August 1 and November 14, 2012, Ferris received a combined total of 100,000,000 Hemp common shares (50,000,000 on each date) as gifts from Harmony Financials, LLC ("Harmony") in recognition of "affection and appreciation for over 20 years of friendship and loyal assistance."

22.     On November 16, 2012, two days after Ferris received the second 50,000,000 Hemp share gift from Harmony, Ferris received another 40,000,000 Hemp shares as a gift from Bruce Perlowin for the same stated reason.

23.     On September 9, 2013, Hobbes and QEP entered into an agreement by which Hobbes was to provide "business consulting services" to QEP. Hobbes was paid for these consulting services with 100,000,000 shares of Hemp.

24.     Barry Epling's companies, Ferris and Hobbes, sold the Hemp shares they received and used a material portion of the proceeds for the benefit of and at the direction of Bruce Perlowin and Hemp.

25.     During the relevant period, the majority of Ferris's revenue and all of Hobbes'

5

revenue came from the sale of Hemp shares.

### B.     Jed Perlowin, QEP, and Diversified

26.     In November 2011, QEP was formed by Bruce Perlowin. In October of 2012, Bruce Perlowin transferred over 168 million preferred shares of Hemp to QEP.

27.     In June 2013, Bruce Perlowin and Craig Perlowin (an officer of Hemp and a brother of Bruce Perlowin's) resigned from QEP, and another of Bruce Perlowin's brothers, Jed Perlowin, purportedly took sole ownership and control of QEP. At the time, the company had an asset value, based upon its ownership of Hemp stock, of over $9,000,000.

28.     After only one month of being in control of QEP, Jed Perlowin began selling Hemp shares into the market by entering into agreements with third-party sellers and, later, through the opening of brokerage accounts.

29.     Diversified was legally formed on March 20, 2014, with Jed Perlowin listed as its managing member.

30.     Six days after the formation of Diversified, on March 26, 2014, Jed Perlowin signed documents to establish a brokerage account in Diversified's name with a Commission registered broker-dealer.

31.     On April 7, 2014, 50,000,000 Hemp shares were issued to Diversified from Bruce's personal holdings. That same day, another 10,000,000 Hemp shares were issued to Diversified from Eco-Harmony Festival Inc., another of Bruce Perlowin's numerous entities.

32.     Jed Perlowin, beginning May 2014, transferred 20,000,000 shares of Hemp to the brokerage account and began selling the shares into the market. An additional 6,640,000 were later transferred into the brokerage account and sold into the market.

33.     QEP's and Diversified's income was almost entirely derived from the sale of

Hemp shares.

34.     Jed Perlowin's companies, QEP and Diversified, sold millions of Hemp shares and used a material portion of the proceeds for the benefit and at the direction of Bruce Perlowin and Hemp.

**C.     Misrepresentations**

35.     In furtherance of their scheme, Bruce Perlowin, Barry Epling, Jed Perlowin, Hemp, QEP, and Hobbes in their written statements to Alpine Securities and Scottsdale Capital, both of which are Commission-registered broker-dealers, engaged in misrepresentations concerning the circumstances under which the Hemp securities had been obtained and their restricted status in order facilitate the sale of the Hemp securities. Based upon these statements, both Scottsdale Capital and Alpine Securities participated in the deposit and subsequent sale of the restricted Hemp securities, and investors, who reasonably would have believed that Hemp securities obtained via market transactions were unrestricted, went forward in purchasing them.

36.     These misstatements/omissions were material and made in connection with the purchase or sale of Hemp securities.

**C.     Summary**

37.     Over the course of several years Hemp shares were gifted, sold, and transferred to various entities and persons in order to attempt to remove the registration restriction and sell the shares to public investors to obtain funding for Hemp and Bruce Perlowin.

38.     Through this scheme to evade the registration requirements of Section 5 of the Securities Act, investors were deprived of material information concerning Hemp that would normally be present in a registration statement filed with the Commission in connection with a securities offering.

39. The Defendants' scheme involved, among other things, the use of nominees, phony gifting of stock, bogus consulting agreements, and forged documentation, all of which were utilized to avoid registration requirements and sell Hemp securities.

40. Bruce Perlowin, as CEO of Hemp; Barry Epling, as principal of Ferris and Hobbes; and Jed Perlowin, as principal of Diversified and QEP; each possessed legal control of their respective companies and knowledge of their companies' actions. As the companies could not act without, as applicable, Bruce Perlowin's, Barry Epling's, and Jed Perlowin's impetus, they each are control persons and, as such, subject to liability for their respective companies' actions.

### Scienter

41. The Defendants acted with scienter. Barry Epling and Jed Perlowin were actively and repeatedly sharing proceeds of the sales of their Hemp shares with or for the benefit of Hemp and Bruce Perlowin and at his direction. The Defendants knew that the shares were restricted and entered into a scheme to remove the restrictions, sell the shares, and receive funds from the sale of such shares.

### Materiality

42. The misrepresentations and omissions made to Commission-registered broker-dealers detailed above are material to a reasonable broker-dealer and to investors. Furthermore, most or all of the investors who purchased the shares of Hemp sold by Ferris, Hobbes, Diversified, and QEP would not have purchased the shares had they known the true restricted nature of the securities.

43. The inappropriate sale of Hemp securities by the Defendants deprived investors of material information concerning Hemp that would normally be present in a registration statement

filed with the Commission in connection with a securities offering.

## UNREGISTERED TRANSACTIONS

44. Hemp has never filed a registration statement with the Commission, nor has Hemp ever qualified for any exemption from the registration requirement.

45. Despite owning unregistered, restricted securities, the Defendants, over the course of multiple years, directly and indirectly, sold unregistered Hemp securities into the market.

46. Defendants, through the use of interstate commerce, sold millions of shares of Hemp securities into the market through the use of brokerage accounts and selling agreements with third-parties.

## FIRST CAUSE OF ACTION
### Fraud or Deceit in the Offer and Sale of Securities
### Violations of Sections 17(a)(1) and 17(a)(3) of the Securities Act
### [15 U.S.C. §§ 77q(a)(1) and 77q(a)(3)]
### (Against all Defendants)

47. The Commission re-alleges and incorporates by reference each and every allegation in paragraphs 1-46, inclusive, as if they were fully set forth herein.

48. By engaging in the conduct described above, Defendants Hemp, Bruce Perlowin, Barry Epling, Jed Perlowin, Ferris, Hobbes, Diversified, and QEP, in the offer or sale of Hemp securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly and with scienter:

    a. employed a device, scheme, or artifice to defraud, and

    b. engaged in transactions, practices, or courses of business which operated as a fraud or deceit upon the purchaser.

49. By reason of the foregoing, Defendants Hemp, Bruce Perlowin, Barry Epling, Jed Perlowin, Ferris, Hobbes, Diversified, and QEP violated and, unless enjoined, will continue to

violate Sections 17(a)(1) and 17(a)(3) of the Securities Act [15 U.S.C. §§ 77q(a)(1) and 77q(a)(3)].

## SECOND CAUSE OF ACTION
### Fraud in Connection with the Purchase or Sale of Securities
### Violation of Section 10(b) of the Exchange Act and Rules 10b–5(a) and 10b–5(c) Thereunder
### [15 U.S.C. § 78j(b) and 17 C.F.R. §§ 240.10b–5(a) and 240.10b–5(c)]
### (Against all Defendants)

50. The Commission re-alleges and incorporates by reference each and every allegation in paragraphs 1-49, inclusive, as if they were fully set forth herein.

51. By engaging in the conduct described above, Defendants Hemp, Bruce Perlowin, Barry Epling, Jed Perlowin, Ferris, Hobbes, Diversified, and QEP, in connection with the purchase or sale of Hemp securities by the use of any means or instrumentalities of interstate commerce or of the mails, or of any facility of any national securities exchange, directly or indirectly and with scienter:

    a. employed a device, scheme, or artifice to defraud, and

    b. engaged in acts, practices, or courses of business which operated as a fraud or deceit upon a person.

52. By reason of the foregoing, Defendants Hemp, Bruce Perlowin, Barry Epling, Jed Perlowin, Ferris, Hobbes, Diversified, and QEP violated and, unless enjoined, will continue to violate Section 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b)] and Rules 10b–5(a) and 10b–5(c) thereunder [17 C.F.R. §§ 240.10b–5(a) and 240.10b–5(c)].

## THIRD CAUSE OF ACTION
### Unregistered Offer and Sale of Securities
### Violations of Sections 5(a) and 5(c) of the Securities Act
### [15 U.S.C. §§ 77e(a) and 77e(c)]
### (Against all Defendants)

53. The Commission re-alleges and incorporates by reference each and every

allegation in paragraphs 1-52, inclusive, as if they were fully set forth herein.

54. By engaging in the conduct described above, Defendants Hemp, Bruce Perlowin, Barry Epling, Jed Perlowin, Ferris, Hobbes, Diversified, and QEP, directly or indirectly:

    a. made use of means or instruments of transportation or communication in interstate commerce or of the mails to sell Hemp securities, as to which no registration statement was in effect, through the use or medium of any prospectus or otherwise;

    b. carried or caused to be carried through the mails or in interstate commerce, by any means or instruments of transportation, Hemp securities, as to which no registration statement was in effect, for the purpose of sale or for delivery after sale; and,

    c. made use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise Hemp securities as to which no registration statement had been filed.

55. In regard to the sale of the Hemp securities described herein, no exemption validly applied to the registration requirements described above.

56. By reason of the foregoing, Defendants Hemp, Bruce Perlowin, Barry Epling, Jed Perlowin, Ferris, Hobbes, Diversified, and QEP violated and, unless enjoined, will continue to violate Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e(a) and 77e(c)].

**FOURTH CAUSE OF ACTION**
**Fraud or Deceit in the Offer and Sale of Securities**
**Violations of Section 17(a)(2) of the Securities Act**
**[15 U.S.C. § 77q(a)(2)]**
**(Against Defendants Hemp, Bruce Perlowin, Barry Epling, Jed Perlowin, Hobbes, and QEP)**

57. The Commission re-alleges and incorporates by reference each and every

allegation in paragraphs 1-56, inclusive, as if they were fully set forth herein.

58. By engaging in the conduct described above, Defendants Hemp, Bruce Perlowin, Barry Epling, Jed Perlowin, Hobbes, and QEP, in the offer or sale of Hemp securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, obtained money or property by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

59. By reason of the foregoing, Defendants Hemp, Bruce Perlowin, Barry Epling, and Jed Perlowin violated and, unless enjoined, will continue to violate Section 17(a)(2) of the Securities Act [15 U.S.C. § 77q(a)(2)].

### FIFTH CAUSE OF ACTION
### Fraud in Connection with the Purchase or Sale of Securities
### Violation of Section 10(b) of the Exchange Act and Rule 10b–5(b) Thereunder
### [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b–5(b)]
### (Against Defendants Hemp, Bruce Perlowin, Barry Epling, Jed Perlowin, Hobbes, and QEP)

60. The Commission re-alleges and incorporates by reference each and every allegation in paragraphs 1-60, inclusive, as if they were fully set forth herein.

61. By engaging in the conduct described above, Defendants Hemp, Bruce Perlowin, Barry Epling, Jed Perlowin, Hobbes, and QEP, in connection with the purchase or sale of Hemp securities by the use of any means or instrumentalities of interstate commerce or of the mails, or of any facility of any national securities exchange, directly or indirectly and with scienter, made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which there were made, not misleading.

62. By reason of the foregoing, Defendants Hemp, Bruce Perlowin, Barry Epling, Jed Perlowin, Hobbes, and QEP violated and, unless enjoined, will continue to violate Section 10(b)

of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b–5(b) thereunder [17 C.F.R. § 240.10b–5(b)].

**SIXTH CAUSE OF ACTION**
**Fraud in Connection with the Purchase or Sale of Securities**
**Violation, as Control Persons, of Section 10(b) of the Exchange Act and Rule 10b–5 Thereunder**
**[15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b–5]**
**(Against Defendants Bruce Perlowin, Barry Epling, and Jed Perlowin)**

63. The Commission re-alleges and incorporates by reference each and every allegation in paragraphs 1-64, inclusive, as if they were fully set forth herein.

64. In the alternative to their direct violations of Section 10(b) of the Exchange Act and Rule 10b–5 thereunder, (a) Bruce Perlowin is liable as a control person (pursuant to Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)]) for Hemp's violations of Section 10(b) of the Exchange Act and Rule 10b–5 thereunder; (b) Barry Epling is liable as a control person for Ferris' violations of Section 10(b) of the Exchange Act and Rules 10b–5(a) and 10b–5(c) thereunder and Hobbes' violations of Section 10(b) of the Exchange Act and Rule 10b–5 thereunder; and (c) Jed Perlowin is liable as a control person for Diversified's violations of Section 10(b) of the Exchange Act and Rules 10b–5(a) and 10b–5(c) thereunder and QEP's violations of Section 10(b) of the Exchange Act and Rule 10b–5 thereunder.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court find that the Defendants committed the violations alleged herein and enter a final judgment:

**I.**

Permanently restraining and enjoining Defendants Hemp, Bruce Perlowin, Barry Epling, Jed Perlowin, Ferris, Hobbes, Diversified, and QEP, and their agents, servants, employees,

attorneys, and all other persons in active concert or participation with them, from, directly or indirectly, engaging in conduct in violation of Section 17 of the Securities Act [15 U.S.C. § 77q];

**II.**

Permanently restraining and enjoining Defendants Hemp, Bruce Perlowin, Barry Epling, Jed Perlowin, Ferris, Hobbes, Diversified, and QEP, and their agents, servants, employees, attorneys, and all other persons in active concert or participation with them, from, directly or indirectly, engaging in conduct in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b–5 thereunder [17 C.F.R. § 240.10b–5];

**III.**

Permanently restraining and enjoining Defendants Hemp, Bruce Perlowin, Barry Epling, Jed Perlowin, Ferris, Hobbes, Diversified, and QEP, and their agents, servants, employees, attorneys, and all other persons in active concert or participation with them, from, directly or indirectly, engaging in conduct in violation of Section 5 of the Securities Act [15 U.S.C. § 77e];

**IV.**

Ordering Defendants Hemp, Bruce Perlowin, Barry Epling, Jed Perlowin, Ferris, Hobbes, Diversified, and QEP, jointly and severally, to disgorge all ill-gotten gains derived directly or indirectly from the activities set forth in this Complaint, together with prejudgment interest thereon;

**V.**

Ordering Defendants Hemp, Bruce Perlowin, Barry Epling, Jed Perlowin, Ferris, Hobbes, Diversified, and QEP to pay civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)];

**VI.**

Permanently and unconditionally restraining and enjoining, pursuant to Section 20(g)(1) of the Securities Act [15 U.S.C. § 77t(g)(1)] and Section 21(d)(6)(A) of the Exchange Act [15 U.S.C. § 78u(d)(6)(A)], Defendants Bruce Perlowin, Barry Epling, Jed Perlowin, Ferris, Hobbes, Diversified, and QEP from participating in any offering of penny stock;

## VII.

Permanently prohibiting, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendants Bruce Perlowin and Barry Epling from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)];

## VIII.

Retaining jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court; and,

## IX.

Granting such other and further relief as this Court may deem just, equitable, or necessary in connection with the enforcement of the federal securities laws and for the protection of investors.

Dated: June 20, 2016                    Respectfully submitted,

                                                      s/Amy J. Oliver
                                                      Amy J. Oliver
                                                      Daniel J. Wadley
                                                      James J. Thibodeau
                                                      Securities and Exchange Commission