# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Securities and Exchange Commission, | Case No.: 2:16-cv-01413-JAD-PAL |
| Plaintiff | **Order Denying Motions** |
| v. | [ECF Nos. 91, 111[1]] |
| Hemp, Inc., et al., | |
| Defendants | |

The Securities and Exchange Commission (SEC) alleges that the defendants—a circle of friends, family, and legal business entities—engaged in a comprehensive, several-years-long scheme to defraud investors and evade securities laws by selling restricted shares of Hemp, Inc. stock without registering the sales and by making false representations in connection with those sales.[2] The SEC moves for summary judgment on a distinct claim against a single defendant: its fourth cause of action alleging that Bruce Perlowin used fraud or deceit in the sale of securities in violation of section 17(a)(2) of the Securities Act.[3] Because I find that the SEC's evidence is insufficient to demonstrate the absence of a genuine issue of fact and that it is entitled to judgment as a matter of law on this claim, I deny the motion.

## Discussion

**A.  Motion for summary judgment [ECF No. 111]**

The principal purpose of the summary-judgment procedure is to isolate and dispose of factually unsupported claims or defenses.[4] The moving party bears the initial responsibility of

---

[1] I find these motions suitable for disposition without oral argument. L.R. 78-1.
[2] ECF No. 1.
[3] *Id.* at 11–12.
[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

presenting the basis for its motion and identifying the portions of the record or affidavits that demonstrate the absence of a genuine issue of material fact.[5]  When the plaintiff bears the burden of proof at trial "it must come forward with evidence [that] would entitle it to a directed verdict if the evidence went uncontroverted at trial."[6]  The plaintiff must establish "beyond controversy every essential element of its" claim in order to avoid trial and prevail on summary judgment.[7]

In its fourth claim for relief, the SEC alleges that Bruce Perlowin violated § 17(a)(2) of the Securities Act[8] by misrepresenting "the circumstances under which the Hemp securities had been obtained [by Quantum Economic Protocols, LLC (QEP)] . . . in order to facilitate" QEP's sale of Hemp stock to Alpine Securities Corporation.[9]  Section 17(a) of the Securities Act "forbid[s] making a material misstatement or omission in connection with the offer or sale of a security by means of interstate commerce."[10]  To establish the type of § 17(a)(2) violation that the SEC pleads against Bruce Perlowin in this claim, it must also show negligence[11] and that Perlowin "obtain[ed] money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading . . . ."[12]

---

[5] *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

[6] *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and quotations omitted) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

[7] *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).

[8] 15 U.S.C. § 77q(a).

[9] ECF No. 1 at 7, ¶ 35 (detailing these factual allegations), and ¶ 57 (incorporating those facts into the fourth cause of action).

[10] *SEC v. Dain Rauscher, Inc.*, 254 F.3d 852, 856 (9th Cir. 2001).

[11] *Id.*

[12] 15 U.S.C. § 77q(a)(2); *see also* ECF No. 111 (quoting 15 U.S.C. § 77q(a)(2)).

### 1. *The Simmons declaration, which purports to supply evidence of materiality, is not based on personal knowledge.*

To establish these elements by summary judgment, the SEC offers a ten-paragraph declaration by Nathan D. Simmons, the General Counsel for Alpine Securities, who talks about the impact that a February 5, 2014, one-sentence letter from Bruce Perlowin and addressed "[t]o whom it may concern" had on Alpine's decision to accept for deposit Hemp, Inc. stock held by two of Alpine's customers.[13] Simmons makes two key representations in this declaration. He states that the letter "pertain[s] to two deposits of Hemp common shares" on February 7, 2014, and February 11, 2014.[14] He also declares that "[i]t is Alpine's position that the information in" that letter was "relevant and material to Alpine's analysis and acceptance of the two Hemp deposits,"[15] so "[i]f Alpine knew the statements in" that letter "were untrue, this would have materially affected Alpine's decision to approve the related deposits, absent a reasonable explanation or other available exemption."[16]

But FRCP 56(c)(4) requires summary-judgment declarations to be made "on personal knowledge" and to "show that the . . . declarant is competent to testify on the matters stated." Simmons's declaration falls far short of this mark. The record reflects that Simmons was not involved in the dealings with the Perlowins or QEP and that it was instead Tyler Floor at Alpine who was communicating with the Perlowins in February 2014.[17] Indeed, Simmons reports that

---

[13] ECF No. 111-14 (Simmons decl.).

[14] *Id*. at ¶ 5.

[15] *Id*. at ¶ 8.

[16] *Id*. at ¶ 10.

[17] *See* ECF No. 111-11 (email between Jed Perlowin and Tyler Floor); ECF No. 122 (B. Perlowin decl. at ¶¶ 5–6 (stating that his "point of contact at Alpine, often through

he joined Alpine just two days before the date of Bruce Perlowin's letter, and he makes no claim that he has personal knowledge of the course of the parties' discussions. He says instead that he has "become familiar with the documents and information [that] Alpine customarily requires in connection with reviewing deposits of securities to obtain reasonable assurance that the deposits are in compliance with applicable securities laws."[18] He does not describe what that custom and practice is, however, or how it impacted Alpine's actions here. He just reports what "Alpine's position" is—purportedly as the mouthpiece for that organization—and he boldly (and baldly) opines that, had his employer known that the statements in the letter were false, "this would have materially affected Alpine's decision to approve the related deposits . . . ."[19] In short, it is clear from Simmons's declaration that he lacks personal knowledge of these Hemp stock transactions and what impact, if any, Bruce Perlowin's letter had on them.

### 2. *FRCP 30(b)(6) does not excuse Simmons's lack of personal knowledge.*

Recognizing this deficiency, the SEC argues that Simmons doesn't need personal knowledge because he's an FRCP 30(b)(6) corporate representative and a "Rule 30(b)(6) witness may testify both in a deposition and at trial to matters as to which []he lacks personal knowledge," and this leeway extends to summary-judgment affidavits, too.[20] But Simmons isn't a Rule 30(b)(6) designee. A corporate representative comes under the umbrella of this rule and the jurisprudence interpreting it when a party notices the deposition of an organization on specifically articulated topics, and the organization "then designate[s] one or more officers,

---

intermediaries, was Tyler Floor," and that he never had "any dealings with Nathan Simmons" and was not "familiar with Mr. Simmons" until this motion).

[18] ECF No. 111-14 at 3, ¶ 2.

[19] *Id.*

[20] ECF No. 128 (quoting *Univ. Healthsystem Consortium v. United Health Grp., Inc.*, 68 F. Supp.3d 917, 921 (N.D. Ill. 2014)).

4

directors, or managing agents . . . who consent to testify on its behalf."[21] The designee then "must testify about information known or reasonably available to the organization."[22] When this procedure is triggered, "[t]he testimony of a Rule 30(b)(6) designee 'represents the knowledge of the corporation, not of the individual deponent[].'"[23]

"The purpose of the rule is to streamline the discovery process."[24] "It serves a unique function in allowing for a specialized form of deposition."[25] But the rule does not allow corporations to use this shortcut outside of this specialized deposition procedure. The SEC has not identified—and I have not unearthed—any procedure that would allow the SEC to invoke Rule 30(b)(6) or a similar process *sua sponte* to designate another organization's representative to offer sworn testimony on behalf of that organization. And certainly no court has advocated using such a process to evade FRCP 56(c)(4)'s personal-knowledge requirement. While the SEC argues that "[n]umerous courts have considered the propriety of utilizing what is, in effect, a 30(b)(6) declaration in connection with summary judgment proceedings,"[26] in each case that the SEC cites for this proposition, the witness was a true 30(b)(6) witness proffered under the rule, in response to a deposition subpoena, and who had testified at deposition about the specifically designated topics.[27] The SEC has not shown, nor does it suggest, that Simmons was designated

---

[21] Fed. R. Civ. P. 30(b)(6).

[22] *Id.*

[23] *Great Amer. Ins. Co. v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534, 538 (D. Nev. 2008) (quoting *United States v. Taylor*, 116 F.R.D. 356, 361 (M.D.N.C. 1996)).

[24] *Id.*

[25] *Id.*

[26] ECF No. 128 at 14.

[27] *See, e.g.*, *Univ. Healthsystem Consortioum*, 68 F. Supp. 3d at 921 ("Defendant designated Paul to be its Rule 30(b)(6) representative, and he sat for a deposition in that capacity"); *Weinstein v. D.C. Hous. Auth.*, 931 F. Supp. 2d 178, 184–87 (D.D.C. 2013) (denying request to strike affidavits of 30(b)(6) witnesses whose sworn statements went beyond the scope of their

by Alpine and testified as its Rule 30(b)(6) witness at a deposition. Because the rule has not been triggered here, it does not allow me to overlook the fact that Simmons's declaration lacks a personal-knowledge foundation.

Simmons's lack of personal knowledge about Bruce Perlowin's letter,[28] the dealings between Alpine and the Perlowins in February of 2014 (which necessarily occurred before and during the very week that Simmons joined the company), and how or why the letter would have impacted Alpine's actions leaves me with nothing but speculation about the materiality of Bruce Perlowin's representations. From an evidentiary standpoint, it is worthless.[29] Because the SEC has not established this key element, it is not entitled to summary judgment on its fourth claim for relief. I therefore deny the motion on this basis and do not reach the remaining arguments.

**B.     Motion to exclude the defendants' expert witness [ECF No. 91]**

The SEC separately moves in limine to exclude from trial the defendants' expert witness Salli Marinov. No trial date has been set, and Marinov's testimony has no bearing on the SEC's motion for partial summary judgment. The parties are also awaiting the magistrate judge's ruling on comprehensive motions for sanctions (including potentially case-terminating sanctions) against the defendants for alleged discovery violations. In light of this posture, I find it would be premature for the court to decide this motion in limine until the scope and contours of trial are

---

deposition answers); *Sunbelt Worksite Mktg., Inc. v. Metro. Life Ins. Co.*, 2011 WL 3444256, at *2 (M.D. Fla. Aug. 8, 2011) ("Joy Myers is a Rule 30(b)(6) designee, her affidavit was filed in support of defendant's motion for summary judgment, and plaintiff's argument to strike the affidavit is based on Joy Myers insufficient personal knowledge.").

[28] Or, at a minimum, Simmons's failure "to show that" he "is competent to testify" about these matters as Rule 56(c)(4) requires.

[29] *See Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (affidavits made without personal knowledge are "entitled to no weight").

more concretely set.  Accordingly, I deny the motion in limine to exclude Marinov [ECF No. 91] without prejudice to the SEC's ability to refile it at a later date.

**Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine to Exclude Defendants' Expert Witness Salli Marinov **[ECF No. 91] is DENIED without prejudice** to its refiling once the sanctions issues are resolved;

IT IS FURTHER ORDERED that Plaintiff's Motion for Partial Summary Judgment Against Defendant Bruce J. Perlowin **[ECF No. 111] is DENIED**.

Dated: September 24, 2018

_____
U.S. District Judge Jennifer A. Dorsey