1   Robert J. Cassity
    Nevada Bar No. 9779
2   David J. Freeman
    Nevada Bar No. 10045
3   HOLLAND & HART LLP
    9555 Hillwood Drive, 2nd Floor
4   Las Vegas, NV 89134
    Phone: (702) 669-4600
5   Fax:    (702) 669-4650
    Email:  bcassity@hollandhart.com
6           dfreeman@hollandhart.com

    Thomas Sporkin (*Admitted Pro Hac Vice*)
    Timothy J. Coley (*Admitted Pro Hac Vice*)
    BUCKLEY LLP
    2001 M Street NW, Suite 500
    Washington DC 20036
    Tel:  (202) 349-8000
    Fax:  (202) 349-8080
    Email:   tsporkin@buckleyfirm.com
             tcoley@buckleyfirm.com

    Thomas E. Littler, Esq. *(Admitted Pro Hac Vice)*
    341 W. Secretariat Dr.
    Tempe, AZ 85284
    Email:   telittler@gmail.com

8   *Attorneys for Bruce J. Perlowin, Barry K.
    Epling, Ferris Holding Inc., and Hobbes
9   Equities Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Securities and Exchange Commission,

               Plaintiff,

v.

Hemp, Inc., *et al.*,

               Defendants.

**2:16-cv-01413-JAD-BNW**

**LIMITED OBJECTION TO
MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATIONS**

**(ORAL ARGUMENT REQUESTED)**

Defendants Bruce J. Perlowin, Barry K. Epling, Ferris Holding, Inc., and Hobbes Equities Inc. ("Certain Defendants") hereby submit their Limited Objection to the April 30, 2019 Order ("Order") containing Magistrate Judge Leen's findings and recommendations (ECF No. 141) that the motions for sanctions filed by Plaintiff Securities and Exchange Commission ("SEC") be granted in part and certain sanctions be issued against Certain Defendants.  This Objection

///

///

///

///

///

*HOLLAND & HART LLP*
*9555 Hillwood Drive, 2nd Floor*
*Las Vegas, NV 89134*

("Objection") is made pursuant to Fed. R. Civ. P. 72(a) and Local Rule IB 3-1, and is supported by the following Points and Authorities and all pleadings and papers filed herein including the testimony and exhibits admitted at the evidentiary hearing in this matter.

DATED: May 16, 2018.

/s/ *Robert J. Cassity*
Robert J. Cassity, Esq.
David J. Freeman, Esq.
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

Thomas E. Littler, Esq. *(Pro Hac Vice)*
341 W. Secretariat Dr.
Tempe, AZ 85284

Thomas A. Sporkin (*Pro Hac Vice*)
Timothy J. Coley (*Pro Hac Vice*)
BUCKLEY LLP
2001 M Street NW, Suite 500
Washington DC 20036

*Attorneys for Bruce J. Perlowin, Barry K. Epling,*
*Ferris Holding Inc., and Hobbes Equities Inc.*

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2   The instant objection addresses a limited set of legal and factual errors that Certain

3   Defendants respectfully submit require the Order's reversal or amendment.  Although Certain

4   Defendants disagree with numerous other conclusions and characterizations contained within the

5   Order, they request that the Court reverse or modify the ruling as follows:

6   **First,** the Magistrate Judge recommends in the Order that Defendants be precluded from

7   offering "any evidence" of certain loan documents produced after their initial depositions.  Order

8   at 51.  This recommendation should be reversed as contrary to law.   *See* Fed. R. Civ. P. 37(c).

9   The Magistrate Judge concluded that Defendants should have disclosed these loan documents in

10   their Rule 26(a) initial disclosures, but this finding is in error, as most of these documents in fact

11   post-date Defendants' October 21, 2016 initial disclosures.  Further, Defendants timely produced

12   the documents in question upon request by the SEC, and any delay in their production or

13   supplementation was "substantially justified" and "harmless."  Any harm or prejudice the SEC

14   claims was caused by this delay is belied by the timing of their production during the regular

15   course of discovery, the supplemental nature of their production, the continued deposition

16   testimony taken by the SEC, and the additional deposition testimony voluntarily offered to the

17   SEC (but rejected) in order to clarify any additional issues that may have arisen related to their

18   production.  Alternatively, any preclusion sanction related to these loan documents should be

19   limited to permit Defendants to testify truthfully regarding their existence if asked by the SEC at

20   trial, or if otherwise made relevant at trial.  Moreover, any preclusion should not apply to Hemp,

21   Inc. ("Hemp"), a separate party in this case, against whom the SEC did not seek sanctions in the

22   first instance.[1]

23   **Second,** the Order recommends that the jury be given instructions at trial regarding Barry

24   K. Epling's alleged deception that the personal tax returns for years 2012-14 he produced "as-

25

26   [1] The Order does not specify against which particular "Defendants" the sanctions are imposed and at various points uses the blanket term "Defendants," including in the recommended order (Order

27   at 51-52).  However, the SEC did not include Hemp, in either of its motions, nor allege any misconduct by Hemp, and accordingly, none of the sanctions ordered by the Court should apply

28   to it.

1

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

filed" were in fact not yet filed. This instruction should likewise be reversed or amended as contrary to law, because any misstatement by Mr. Epling was "harmless" and "substantially justified" pursuant to Rule 37(c). The Order concludes that Mr. Epling incorrectly represented that these returns were filed with the Internal Revenue Service ("IRS") at the time they were produced to the SEC. Order at 49, 50. Although we strenuously disagree with that conclusion, these returns and the timing of Mr. Epling's tax filings for these specific returns (which he diligently corrected) have not been shown to have any bearing on this case, and an extraneous instruction to the jury would only confuse the factfinder and unnecessarily prejudice Mr. Epling and other Defendants. Nor has the SEC made any showing that Mr. Epling's personal tax returns—much less the timing surrounding their filing—are in any way relevant to the claims and defenses in this matter, nor if they were relevant, how this issue would be admissible under the Federal Rules of Evidence. Alternatively, decisions regarding the issuance of this jury instruction should be reserved for trial after the relevance of the subject documents and their admissibility is determined in light of its tenuous relevance and the likelihood to cause prejudice.

**Third,** the Order recommends that the Court instruct the jury that Defendants failed to comply with their discovery obligations generally[2] and that the jury may consider evidence of discovery violations, including Mr. Epling's alleged deceit regarding his tax returns, "along with all other evidence in the case in reaching their verdict." Order at 52. These instructions are contrary to law and should be reversed or limited, as they are not relevant to the claims and defenses in this case, nor related to admissible evidence in the case, and would result in unnecessary confusion and prejudice. Alternatively, decisions regarding the issuance of these jury instructions should be reserved for trial upon conducting determinations of relevance and admissibility. In the event the instructions are issued, the Court must clarify for the jury that Defendants' discovery conduct does not supplant the SEC's burden to establish the elements of its

---

[2] The Order includes this first instruction regarding Defendants' general discovery failures within Section 2.b of the Order; however, in the interests of clarity and organization, Certain Defendants address this particular instruction alongside the instruction described in Section 2.c of the Order. Order at 51-52.

2

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

1  claims.  And, as with the preclusion issue, no instruction should apply to Hemp, against whom the

2  SEC did not even seek sanctions.

3  **FACTUAL BACKGROUND**

4  Rather than reiterate the extensive record of relevant facts and background, Defendants

5  direct the Court to pages 1-39 of the Order and Defendants' Responses to the two SEC motions

6  (ECF Nos. 108, 109).  Procedurally, as the Order recognizes, the SEC did not file any motions to

7  compel any of the discovery at issue here, as the loan documents were voluntarily produced after

8  receiving a discovery request, and Mr. Epling signed multiple consent forms for the SEC to obtain

9  his tax forms directly from the IRS (multiple forms were required due to the SEC repeatedly

10  submitted them with errors).  Order at 10.  Defendants continued cooperating in good faith with

11  the SEC upon learning of its concerns, including by offering to provide voluntary additional

12  sworn testimony to resolve these issues, which the SEC rejected.  *Id.* at 6.

13  The SEC then filed the two successive motions for sanctions (ECF Nos. 92, 97).  Certain

14  Defendants filed responses to the two motions supported by sworn testimony in declarations from

15  Bruce Perlowin, Barry Epling, and Michael Moore, and letters from defendants' counsel to the

16  SEC (ECF Nos. 108 and 109), the Magistrate Judge held a hearing where the two motions were

17  argued on February 1, 2018.  At that hearing, the Magistrate ordered that:

> The Court will GRANT Plaintiff's Motions for Sanctions 92 and 97, and
> will schedule an Evidentiary Hearing to hear sworn testimony as stated in
> open court.  The Court will reserve decision on the extent of the sanctions
> that will be imposed for the conduct outlined in both motions until after the
> Evidentiary Hearing.

(Minutes of Proceedings: ECF No. 116).  The evidentiary hearing was held on May 10, 2018.

The SEC called the following witnesses: Defendant Bruce J. Perlowin, Defendant Barry Epling

and accountant and tax preparer Michael Moore.  Defense counsel cross-examined.   Certain

Defendants then called Leighton R. Koehler to testify as an expert on the tax return issues and the

SEC cross-examined.  At the close of the day-long evidentiary hearing, the Magistrate Judge took

the matter "under submission."  (*See* Minutes of Proceedings-May 10, 2018, ECF No. 134).  On

the Magistrate's last day, April 30, 2019, she issued her Order recommending denying the

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

motions in part and granting them in part (ECF No. 141).  Certain Defendants timely filed this

objection to parts of the Order.

## LEGAL STANDARDS

Fed. R. Civ. P. 72(a) provides that for "nondispositive matters" referred to magistrate

judges:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must timely consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Similarly, Local Rule IB 3-1, regarding matters that may be finally determined by a magistrate

judge, provides that "A district judge may reconsider any pretrial matter referred to a magistrate

judge in a civil or criminal case . . . where it has been shown that the magistrate judge's ruling is

clearly erroneous or contrary to law."  Local Rule IB 3-1.  For such review, a district court judge

may affirm, reverse, or modify, in whole or in part, the magistrate judge's order or remand the

matter to the magistrate judge with instructions.[3]  The "district judge must affirm the magistrate

judge unless it is left with the definite and firm conviction that a mistake has been committed."

*Ideal Elec. Co. v. Flowserve Corp.*, 230 F.R.D. 603, 610 (D. Nev. 2005); *see also* 28 U.S.C. §

636(b)(1)(A), providing that magistrate judge's determination of pretrial matter may be

reconsidered if decision is "clearly erroneous or contrary to law."

The SEC's two motions, and the Magistrate's Order, rely, for the exclusion of evidence

as a discovery sanction, on the standard imposed by FRCP Rule 37(c) (Order at 40-42).   The

standard for the imposition of sanctions is when:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

[3] This latter option would be complicated by the retirement of Magistrate Judge Leen, who heard the evidence in this matter and issued her findings and recommendations on her last day on the bench.

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

4

FRCP rule 37(c)(1). The exception to the imposition of sanctions is if the failure to disclose is "substantially justified" or "harmless." *Id.*

## ARGUMENT

I.      **Certain Defendants Should Not Be Precluded From "Offering" Evidence Related to the Loan Documents Produced on April 5 and May 12, 2017 (Order at 51 (2.a)).**

The Magistrate Judge's first recommended sanction is that Certain Defendants be precluded from "offering" any evidence at hearing, in motion practice, or at trial relating to the loan documents produced after the defendants' initial depositions and specifically those produced on April 5, 2017 and May 12, 2017.  Order at 51 (2.a).  As the set forth below, the reasoning behind the issuance of this sanction is clearly erroneous and contrary to Rule 37(c).

The Magistrate Judge's basis for this first recommended sanction is her conclusion that these documents should have been reflected in Defendants' initial disclosures, that the defendants' failed to make reasonable inquiry regarding these documents, and that the destruction of the computer on which electronic copies of the documents were located eliminated the possibility of forensically determining when the documents were created.  (Order at 48).

First, this conclusion is plainly error, because Defendants could not have disclosed these documents in their October 21, 2016 initial disclosures, because most of them had not even been created by that date.  *See, e.g.*, Order at 45 (referencing (1) a December 30, 2016 letter from Kim Brady . . .; (2) a January 4, 2017 letter from Brady . . .; (3) a October 31, 2016 Book Statement . . .; (4) a December 29, 2016 Issuance Resolution . . .; (5) a December 29, 2016 third-party release form . . .; (6) a December 19, 2016 email . . .; and (7) Book Statements, Transfer Journals and Hemp, Inc. stock certificates related to [transactions from December 2016 email]").  Defendants plainly could not have disclosed documents that did not yet exist.[4]

Second, the Magistrate Judge's conclusion that Certain Defendants failed to timely produce these loan documents ignores the timing of the relevant discovery requests and their production.  The SEC first requested these documents on March 16, 2017 in its Fourth Set of

---

[4] To the extent any loan documents pre-date the initial disclosures, the timing of their production was harmless and substantially justified, as set forth below.  Fed. R. Civ. P. 37(c).

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

1  Requests for Production of Documents (the "Fourth RFPs"). *See* ECF No. 92 at Ex. 14. Mr. Epling

2  and Mr. Perlowin made reference to these documents during their respective March 2 and March

3  3, 2017 depositions, following which the SEC formally requested their production.

4      On April 5, 2017, Defendants timely served responses to SEC's Fourth RFPs and

5  produced the initial set of loan documents (ECF No. 92 at Ex. 16), which they supplemented on

6  May 12, 2017 (ECF No. 92-20).  Subsequent to Defendants' April 5, 2017 document production

7  and responses to the Fourth RFPs, Mr. Perlowin voluntarily appeared for a continued deposition

8  on April 27, 2017, after the SEC expressed its desire to pose further questioning beyond that

9  authorized by the time limits contained in Fed. R. Civ. P. 30(d).  At his continued deposition, Mr.

10 Perlowin was questioned and offered sworn testimony regarding the loan documents produced on

11 April 5, 2017.  To the extent the SEC had further questions regarding the supplemental set of

12 documents produced on May 12, 2017, Mr. Perlowin offered to again make himself available for

13 a further deposition.  (Perlowin Decl. ¶ 14; ECF No. 108 at Ex. 3).  The SEC declined that offer.

14 Order at 6.  The SEC did not request to take Mr. Epling's additional testimony, nor did they accept

15 his latter offer to make himself available for testimony.  The SEC did not file any motion to

16 compel these documents, because they were voluntarily produced to the SEC when requested.

17 The SEC had every opportunity to cure any prejudice caused by the timing of these documents'

18 production and it chose not to, making any related delay "substantially justified" and "harmless."

19 Fed. R. Civ. P. 37(c).

20     Thus, the only remaining basis on which Section 2.a of the Order could stand is on the

21 grounds that Defendants did not properly supplement their productions or disclosures, despite the

22 fact that the SEC did not initially issue affirmative discovery requests seeking these documents on

23 March 16, 2017, and once it did, Defendants timely responded (on April 5, 2017) and

24 supplemented their responses (on May 12, 2017).  To the extent there was any untimely failure to

25 supplement, this infraction likewise was harmless and substantially justified.

26     First, any delay in supplementing the disclosures was harmless, because it did not impact

27 the SEC's ability to file three separate summary judgment motions (first filed in August 2017 (ECF

28

6

No. 76)), nor did any delay or affect trial or other case proceedings. Defendants repeatedly offered the SEC the opportunity to obtain sworn testimony after these concerns were raised, and it declined. Order at 6. The SEC likewise declined to pursue any motions to compel with regard to these documents.

Next, any delay in supplementation would have been substantially justified. The discovery obligations under the Federal Rules do not require perfection of the parties—they require the reasonably diligent disclosures, search, and production of responsive information and documents. Fed. R. Civ. P. 26(g) (certification of discovery responses must be informed by "a reasonable inquiry"); *Da Silva Moore v. Publicis Groupe*, 287 F.R.D. 182, 191 (S.D.N.Y. 2012) ("the Federal Rules of Civil Procedure do not require perfection"). In a complicated case such as this, involving broad allegations spanning multiple years, highly technical claims, and the parties' production of thousands of documents, it is only natural that productions require supplementation. And where an individual is reminded about the existence of a document or documents at a deposition or another juncture,[5] the party is under a duty to promptly supplement, consistent with Rule 26(e):

> A party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory, request for production, or request for admission, must supplement its disclosure or response. . . in a timely manner.

Under this mandate, if one finds responsive documents previously not recalled in a deposition, perhaps because a question or questions caused a recall of a previously forgotten fact regarding the existence of a document or documents or their location, the obligation is to disclose it, and do so promptly. That is precisely what occurred here when Defendants timely produced the relevant documents on April 5, 2017 in response to the SEC's March 16, 2017 Fourth RFPs, and then supplemented on May 12, 2017 (less than two months after the Fourth RFPs were served).

---

[5] It is important to note that Messrs. Perlowin and Epling were testifying in their individual capacities, and not as Rule 30(b)(6) representatives of their respective companies. The SEC did not notice or request any Rule 30(b)(6) depositions in this matter, and the testifying parties were thus under no obligation to educate themselves about particular documents related to the case; only to testify truthfully to the best of their recollections. Neither were their depositions Rule 30(b)(1) depositions of their respective companies as corporate officers or directors. It is wholly improper for the SEC to attempt to make up for its failure to obtain corporate designee testimony through a sanctions motion.

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV  89134

Here, the Magistrate's Order turns parties' obligation to supplement on its head by ordering the preclusion of evidence and prejudicial jury instructions on the basis of Defendants' *compliance* with their duty to supplement under Rule 26(e).[6]  If the Court believes that Defendants were not timely enough in providing this supplementation, any sanction awarded must be weighed against the prejudice caused to the SEC or its ability to pursue its case.  Here, there is none.  The SEC cannot claim that it was unable to examine witnesses about supplemented documents—indeed, it declined Defendants' repeated offers following the May 12, 2017 production to provide sworn testimony.  The SEC did not move to compel—nor could it have—as these documents were voluntarily produced by Defendants after receiving the SEC's Fourth RFPs.  Instead, rather than working with the parties and counsel to resolve any lingering disputes regarding the loan documents, or the timing of their production, the SEC jumped straight ahead to the most severe route, filing a motion for sanctions.[7]  Accordingly, the Order failed to properly consider the extent to which any delay in supplementation was harmless and substantially justified in light of the timing and posture of this case.  For this reason, Section 2.a of the Order (at 51) should respectfully be reversed.

Alternatively, if the Court accepts the preclusion recommendation, it should narrow and clarify the scope of the sanction as it affects Certain Defendants' ability to respond honestly in trial testimony.  As Defendants interpret the bar on the defendants "offer" of any evidence of the loan documents, it appears that they may not affirmatively offer the documents for introduction into evidence, they may not solicit testimony about the loan documents, nor may they argue the existence of these particular loan documents.  However, if at trial the SEC asks Defendants under

---

[6] Ironically, had Defendants *not* provided this supplemental production of documents, the SEC presumably would have moved for sanctions on these grounds as well.  In reality, supplementing productions of newly-found documents is not—and should not be—a basis for sanctions.

[7] It is moreover troubling that the SEC would adopt this intransigent approach as a government agency with quasi-criminal enforcement powers, who is seeking to impose severe sanctions on private parties, including disgorgement, officer and director and penny stock bars, and money penalties—each of which is punitive in nature.  *See Kokesh v. S.E.C.*, 137 S. Ct. 1635, 1643 (2017) ("SEC disgorgement is imposed for punitive purposes" and is thus a penalty); *see Johnson v. S.E.C.*, 87 F.3d 484, 492 (D.C. Cir. 1996) (SEC action that deprives private parties of professional livelihood constitutes a penalty).

8

oath whether any documents exist related to their loans, or if the issue of loan documentation otherwise becomes relevant at trial, Defendants need to be able to testify truthfully regarding these documents' existence and significance.  If affirmed, the sanction should be modified to allow Defendants to testify truthfully under these circumstances, or that decisions regarding preclusion will be deferred until relevance and admissibility determinations are made for trial.  Similarly, if accepted, the scope of any preclusion should be narrowed to exclude the offer only of the loan documents that the Court deems untimely produced or supplemented, not an across-the-board restriction on the use of any documents or evidence relating to the underlying loans.  Finally, any preclusion should not apply to Hemp, against whom the SEC did not seek sanctions in the first instance.

## II.    The Jury Should Not Receive an Instruction That Mr. Epling Deceived the SEC or Counsel Regarding Whether Certain Produced Personal Tax Returns Were "As-Filed" (Order at 51-52 (2.b)).

Next, in Section 2.b of the Order (at 51-52), the Magistrate Judge recommends in part that the jury receive an instruction that "Epling deceived counsel for the SEC and defense counsel by falsely representing that his personal tax returns for the years 2012, 2013, and 2014 which were produced in response to the SEC's discovery responses were 'as-filed' copies."  The provision of this jury instruction, however, would not be appropriate, as any detriment caused by Mr. Epling's misstatements (or misunderstandings) regarding the filing status of the 2012-14 tax returns when produced would be harmless or substantially justified.  On the other hand, issuing the recommended instruction would confuse the jury and unduly prejudice the Defendants.

In its sanctions motions, the SEC levied sweeping charges that Mr. Epling had "fabricated" and "falsified" his business and personal tax returns over five years (2012-16), which were produced to the SEC in this matter.  *See* SEC 2d Sanctions Mot. at 1 (ECF No. 97) (SEC sought "the imposition of terminating sanctions . . . for repeated incidences of fabrication of evidence.").  The SEC sought case terminating sanctions—the death penalty in a civil proceeding.  The SEC's

9

wide-ranging allegations of fabrication and falsification were not corroborated by the Magistrate Judge.

Instead, the only misconduct the Magistrate Judge identified after an extensive evidentiary hearing was that Mr. Epling's personal tax returns for three years (2012-14) were not in fact filed at the time of production, as he represented.  Order at 49, 50.  (Mr. Epling did, however, go on to file these three returns on May 5, 2017).  The Order does ***not*** conclude that Mr. Epling misled the SEC regarding the substantive content of these tax returns, nor does it back up the SEC's bombastic allegations that Mr. Epling committed any "fabrication."  Accordingly, the only apparent basis for the Order's recommended sanction at Section 2.b is that Mr. Epling was inaccurate in describing when these three returns were filed with the IRS.  Even if true, that conclusion should not compel a resulting instruction to the jury, and the Order's recommendation of one is erroneous.

First, an instruction to the effect that Mr. Epling falsely misrepresented when his personal tax returns were filed would unnecessarily confuse the jury, introduce irrelevant considerations for their deliberation, and unduly prejudice Mr. Epling and other parties.  At no point has the SEC established what relevance Mr. Epling's tax returns play in the claims or defenses at issue here—much less what relevance the timing of his personal tax returns' filing would play.  Nevertheless, even if the SEC can show nominal relevance and admissibility of the timing of the 2012-14 returns' filing, submitting this instruction would unduly confuse the jury about marginally relevant matters and would have the likelihood to unduly prejudice Defendants (especially Mr. Epling).  If offered, the jury also would need guidance that Mr. Epling was found to have been deceptive only about "as-filed" nature of his 2012-14 personal tax returns, and not in any other regard, and will require the Court and parties to spend additional time explaining how this issue is relevant (if at all) to the underlying elements of the parties' claims and defenses.[8]  This

---

[8] Further, if the instruction is *ipso facto* issued regardless of overriding relevance, Mr. Epling should be permitted to offer testimony showing that he indeed believed his bookkeeper and tax preparer, Mike Moore, had previously filed these tax returns.  *See, e.g.*, Hearing Transcript at 143 ("Everything was at Michael Moore.  Again he filed electronically") and at page 201: "I thought if it was electronic filing you wouldn't have to sign it."); *id.* at 99 ("[Moore] always told me that the taxes are filed, everything is fine…Yes, everything is up to date."); *id.* at 100 ("He—was adamant

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV  89134

**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

1    instruction is simply not appropriate in a vacuum of relevance—which is how it is set forth in the

2    recommended Order.

3          Next, the finding that Mr. Epling misstated the "as-filed" nature of his returns is harmless,

4    because the SEC has not shown that it was prejudiced in any material way.  In part, this is due to

5    the tangential (if any) relevance that these tax documents possess in the first place—*how could*

6    *these irrelevant documents result in material prejudice to the SEC's prosecution of its claims?*

7    Further, to the extent the SEC initially was prejudiced in any way, Mr. Epling cooperated

8    extensively with the SEC's efforts to obtain his tax returns, and the SEC balked at meaningful

9    opportunities to mitigate whatever prejudice it felt had occurred. The SEC first requested Mr.

10   Epling tax documents in its February 17, 2017 Third Requests for Production of Documents

11   ("Third RFPs").  After an initial production, Mr. Epling could not locate certain tax forms, and

12   SEC counsel requested that Mr. Epling sign a consent form for the SEC to receive these tax

13   documents directly from the IRS.  Mr. Epling agreed, signed, and return the requested form to the

14   SEC.  *See* ECF No. 108, Ex. 1, Epling Decl., at ¶ 4C. On no less than two subsequent occasions,

15   in the interests of good faith and cooperation, Mr. Epling signed and returned additional IRS

16   forms to the SEC so that, despite the SEC's repeated errors in submitting these forms, they could

17   obtain the tax forms they believed they needed.  *Id.*

18         The SEC received Mr. Epling's tax returns and related forms from the IRS on August 4,

19   2017. (ECF No. 92 at Exs. 9, 10).  The SEC has not pointed to any relevant or materially different

20   way in which the content of these IRS-obtained forms differs from the produced versions, nor did

21   the Magistrate Judge identify any.

22         Nevertheless, so as to prevent any potential prejudice to the SEC owing from his

23   misstatement regarding the "as-filed" nature of these returns, Mr. Epling agreed to affirmatively

24   offer sworn testimony and undertake efforts to produce Mike Moore, his tax preparer, for sworn

25   that he had already sent them in." and at page 2014 that he was "absolutely positive that Mike
     Moore had filed all of those documents").  Likewise, for Mike Moore, whose testimony supported
26   Mr. Epling's.  *See* M. Moore Decl. (ECF No. 108) (declaring that he prepared the tax returns since
     2009, that Epling believed he was filing them without the need of his signature, that the returns
27   had been timely filed, and that he told Epling every year they the returns had been prepared and
     filed.
28

1    testimony. The SEC did not even entertain this offer and rushed headlong into its second

2    sanctions motion alleging wide-ranging "fabrication" and "falsification." There is no harm to the

3    SEC, and to the extent any harm initially was caused, Defendants have worked to mitigate it (even

4    where the SEC rejected these efforts). Accordingly, on these grounds no instruction regarding

5    Mr. Epling's tax returns should be given to the jury (Order at 50: "However, Epling's personal

6    tax returns which were produced to the IRS on May 12, 2017, undated, unsigned and with the

7    watermark "DO NOT FILE" appear identical to the certified copies of the tax returns which were

8    eventually filed May 5, 2017.").

9          Alternatively, any decisions regarding the use of this jury instruction should be reserved

10   for trial after the relevance of the subject documents, and whether what evidence is admissible in

11   the first instance in light of its tenuous relevance and likelihood to cause prejudice. As set forth

12   above, the SEC has not made clear how, if at all, Mr. Epling's personal tax returns are relevant to

13   its claims, much less the timing of their filing. At the very least, it would be premature to order

14   this instruction be given without making these threshold relevance and admissibility

15   determinations.

16   **III.  The Jury Should Not Receive Instructions That Defendants Failed to Comply With
         Their Discovery Obligations (Order at 51 (2.b)) and That They May Consider
17       Evidence of Discovery Violations in Reaching Their Verdict (Order at 52 (2.c)).**

18

19         The Magistrate also ordered that the jury should be "instructed that the defendants failed

20   to comply with their discovery obligations" (2.b) and that the jury may consider evidence of

21   Defendants' discovery violations in their deliberations (2.c).[9]  For the same reasons set forth

22   above, no instructions should issue regarding alleged discovery violations here, as any alleged

23   misconduct is not relevant to the claims and defenses in this case, nor related to admissible

24   evidence in the case.

25         Further, even if the Court concluded that certain underlying discovery violations had

26   occurred here, the issuance of these blanket instructions would not be appropriate because they

27   ─────────────────
     [9] As explained in *supra* note 3, this Objection addresses these particular recommended instructions
28   together in the interests of clarity and organization.

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

would only confuse the jury and unduly prejudice Defendants. These instructions have no direct bearing on the merits of the claims or defenses here, which begs the question of why they would be presented to the jury in the first instance. If issued, these instructions would present the jury with two scenarios—neither of which is suitable—either: (1) the jury receives further guidance on how to accommodate these blanket instructions within the broader framework of the factual elements they are tasked with resolving (a question with no easy answer whose explanation would further emphasize the issue and prejudice Defendants); or (2) no such guidance is provided, and the jury is forced to hazard a guess as to how these discovery violations may be "considered" in deciding, for instance, whether Defendants engaged in the unregistered sale of securities, or more problematically, engaged in a fraudulent scheme to sell unregistered securities. Neither scenario is necessary or appropriate.

Alternatively, decisions regarding the issuance of these jury instructions should be reserved for trial upon conducting determinations of relevance and admissibility. In the event the instructions are issued, the Court must clarify for the jury that Defendants' discovery conduct does not supplant the SEC's burden to establish the elements of its claims. Instead, the Court should provide the necessary context surrounding the instructions, and how, if at all, the jury may consider these instructions in analyzing the claims and defenses at issue. And, as with the preclusion issue, no instruction should apply to Hemp, against whom the SEC did not even seek sanctions.

///
///
///
///
///
///
///
///

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

13

## CONCLUSION AND RELIEF REQUESTED

For all of the foregoing reasons, Certain Defendants respectfully request that the findings and recommendations contained in the Magistrate Judge's Order be reversed or alternatively modified as requested above.

DATED: May 16, 2019.

/s/ *Robert J. Cassity*
Robert J. Cassity, Esq.
David J. Freeman , Esq.
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

Thomas E. Littler, Esq. *(Pro Hac Vice)*
341 W. Secretariat Dr.
Tempe, AZ 85284

Thomas A. Sporkin (*Pro Hac Vice*)
Timothy J. Coley (*Pro Hac Vice*)
BUCKLEY LLP
2001 M Street NW, Suite 500
Washington DC 20036

*Attorneys for Bruce J. Perlowin, Barry K. Epling, Ferris Holding Inc., and Hobbes Equities Inc.*

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

14

# CERTIFICATE OF SERVICE

        I hereby certify that on the 16th day of May 2019, a true and correct copy of the foregoing document was served on counsel through the Court's electronic service system as follows:

## Electronic Service:

Amy J. Oliver, Esq.
James J. Thibodeau, Esq.
Daniel Wadley, Esq.
U.S. Securities and Exchange Commission
351 S. West Temple Suite 6.100
Salt Lake City, UT 84101
olivera@sec.gov
thibodeauj@sec.gov
wadleyd@sec.gov

*Attorneys for Plaintiff: SEC*

Brent R. Baker, Esq.
Jonathan Dale Bletzacker, Esq.
Clyde Snow & Sessions, P.C.
201 S. Main Street #1300
Salt Lake City, UT 84111
brb@clydesnow.com
jdb@clydesnow.com

Jacob L. Fonnesbeck, Esq.
Smith Correll, LLP
50 W. Broadway #1010
Salt Lake City, UT 84101
jfonnesbeck@smithcorrell.com

*Attorney for Defendants:*
*Diversified Investments LLC, Quantum Economic Protocols LLC, and Jed. M. Perlowin*

    /s/ Valerie Larsen
An Employee of Holland & Hart LLP