UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Securities and Exchange Commission, | Case No.: 2:16-cv-01413-JAD-BNW |
| Plaintiff | |
| v. | **Order Overruling Objections to Order Imposing Sanctions** |
| Hemp, Inc., et al., | [ECF No. 144] |
| Defendants | |

Defendants Bruce J. Perlowin, Barry K. Epling, Ferris Holding, Inc., and Hobbes Equities Inc. (collectively, the Objecting Defendants) object to Magistrate Judge Peggy Leen's order imposing sanctions on them for "egregious" discovery violations.[1] Judge Leen found that (1) the Objecting Defendants should have disclosed documents reflecting loans between Perlowin and Epling in their Rule 26(a) disclosures, and (2) Epling deceived both counsel for plaintiff Securities and Exchange Commission (SEC) and his own counsel regarding his personal tax returns.[2] Judge Leen denied the SEC's request for dispositive sanctions but imposed the following sanctions: (1) exclusion of the late-produced loan documents; (2) an adverse instruction that Epling deceived counsel; and (3) an adverse instruction that the Objecting Defendants did not comply with their discovery obligations.[3] The Objecting Defendants argue that Judge Leen's order should be reversed or modified.[4] Because Judge Leen's order is not clearly erroneous or contrary to law, I overrule the objections but clarify that the sanctions do not

---

[1] ECF No. 141 at 51. Magistrate Judge Leen has since retired, and Magistrate Judge Weksler replaced her on this case. ECF No. 140.

[2] ECF No. 141 at 48–50.

[3] *Id.* at 51–52.

[4] ECF No. 144.

apply to defendant Hemp, Inc. and that I will modify as necessary the content of the adverse instructions at trial.

## Discussion[5]

When a litigant challenges a magistrate judge's ruling on a pretrial matter like this one, he must show that the "order is clearly erroneous or contrary to law."[6] "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."[7] "The district judge may affirm, reverse, or modify in whole or in part, the magistrate judge's order" or "remand the matter to the magistrate judge with instructions."[8] The magistrate judge's ruling must be overturned if, "after reviewing the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed."[9]

Rule 37(c)(1) "gives teeth to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed."[10] This sanction is "self-executing" and "automatic" so that parties are strongly motivated to comply with the rules.[11] Even if there is no express court order on disclosure—and even without evidence of bad faith—"exclusion is an appropriate remedy for failing to fulfill the disclosure requirements of Rule 26(a)."[12] Under Rule 37(c)(1), the trial court can permit inadequately disclosed evidence at trial if the failure to

---

[5] Judge Leen's order includes a detailed background section, *see* ECF No. 141 at 1–39, so I incorporate that section of her order herein.

[6] 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a).

[7] *United States v. Desage*, 229 F. Supp. 3d 1209, 1213 (D. Nev. 2017) (quotation omitted).

[8] LR IB 3-1(b).

[9] *United States v. Silverman*, 861 F.2d 571, 576–77 (9th Cir. 1988).

[10] *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

[11] *Yeti*, 259 F.3d at 1106 (quoting Fed. R. Civ. P. 37 Advisory Comm. Note).

[12] *Id.* (citing Fed. R. Civ. P. 26(a) and Fed. R. Civ. P. 37(c)(1)).

disclose "was substantially justified or is harmless."[13] But the party facing sanctions under Rule 37 has the burden of showing substantial justification or harmlessness.[14]

**A.     Failure to disclose documents**

Judge Leen found that the late-produced documents should have been included in the Objecting Defendants' initial disclosures. The Objecting Defendants argue that certain late-produced documents post-date their initial disclosures. But Rule 26(e) required them to supplement their initial disclosures in a timely manner[15] and the Objecting Defendants failed to supplement their disclosures and testified at their depositions that no such documents existed. After conducting an evidentiary hearing at which Perlowin and Epling testified,[16] Judge Leen found that Perlowin and Epling's purported justifications for their error were not credible. And the sanctions motions and additional proceedings that ensued show that the Objecting Defendants' violation was not harmless. So the Objecting Defendants did not meet their burden to show their failure to supplement their initial disclosures was substantially justified or harmless. Having reviewed Judge Leen's order and the underlying record, I find that Judge Leen's exclusion of the loan documents was not clearly erroneous or contrary to law. I thus overrule this objection.

**B.     Adverse instruction regarding Epling's deception**

Judge Leen found that Epling deceived his own counsel and the SEC's counsel regarding his personal tax returns.[17] I do not find that an instruction advising the jury of Epling's

---

[13] *See id.* (citing Fed. R. Civ. P. 37(c)(1)).

[14] *Id.* at 1106–07.

[15] *See* Fed. R. Civ. P. 26(e).

[16] ECF No. 134.

[17] ECF No. 141 at 49–50.

deception would be confusing, and I will revise as necessary the precise language of the instruction at trial to eliminate confusion. Nor is Epling's deception harmless, as the SEC was forced to request his tax returns from the IRS and participate in numerous additional proceedings.

**C.     Adverse instruction regarding failure to comply with discovery obligations**

An adverse instruction that the defendants did not comply with their discovery obligations is also appropriate. As Judge Leen noted, "[t]he [Objecting D]efendants' conduct in this case is egregious and has wasted a huge amount of judicial and party resources."[18] I will revise the exact content of this instruction as necessary to clarify that the SEC has the burden to prove its case. So I overrule these objections.

**D.     Hemp, Inc. is not implicated.**

The SEC did not move for sanctions against defendant Hemp, Inc.[19] I thus will not construe Judge Leen's order to impose sanctions on it. The SEC provides several reasons why Hemp, Inc. should also be precluded from introducing the loan documents,[20] but these arguments were not litigated before Magistrate Judge Leen. I cannot, and will not, conclusively determine that Hemp, Inc. is precluded from introducing evidence in the context of this limited review of whether Judge Leen's order was clearly erroneous or contrary to law. So I deny the SEC's request in this regard without prejudice to its ability to reurge it at the proper time.

---

[18] *Id.* at 51.
[19] ECF Nos. 92, 97.
[20] ECF No. 146 at 10.

**Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that the objections to Judge Leen's order **[ECF No. 144] are OVERRULED**. Judge Leen's order is **MODIFIED only** to the extent necessary to make clear that: (1) it does not subject defendant Hemp, Inc. to sanctions and (2) I will modify the content of any adverse instructions at trial as necessary.

Dated: March 31, 2020

_____
U.S. District Judge Jennifer A. Dorsey